Donald A. Robinson, Esq.
ROBINSON, WETTRE & MILLER LLC
One Newark Center, 19th Floor
Newark, New Jersey 07102
(973) 690-5400
drobinson@rwmlegal.com

Mark A. Lemley, Esq.
Sonali Maitra, Esq.
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111
(415) 362-6666

*Attorneys for Defendant*
*Xio Interactive Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TETRIS HOLDING, LLC and THE TETRIS COMPANY, LLC,<br><br>Plaintiffs,<br><br>-against-<br><br>XIO INTERACTIVE INC.<br><br>Defendant. | Civil Action No. 3:09-cv-6115 (FLW) (DEA)<br><br>Hon. Freda L. Wolfson, U.S.D.J.<br>Hon. Douglas E. Arpert, U.S.M.J.<br><br>**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM**<br><br>*Document Filed Electronically* |

Defendant and Counterclaimant Xio Interactive Inc. ("Xio") responds to the first amended complaint as follows:

### I.    ANSWER TO FIRST AMENDED COMPLAINT

**Factual Background**

1.    Denied.

2.    Denied.

3. Xio admits that it sold its game *Mino* on the Apple iTunes Store for $2.99. Xio denies the remaining allegations in this paragraph.

4. Xio admits that it has used a T-shaped tetromino in its logo for the games *Mino* and *Mino Lite*. Xio denies the remaining allegations in this paragraph.

5. Xio admits that it sent a counter-notification to Apple. Xio lacks sufficient knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies them.

6. Denied.

### Parties

7. Xio lacks sufficient knowledge to admit or deny the allegations in this paragraph and, on that basis, denies them.

8. Xio lacks sufficient knowledge to admit or deny the allegations in this paragraph and, on that basis, denies them.

9. Xio admits that it is a New Jersey corporation, that its registered agent is Incorp Services, Inc. at 208 West State Street, Trenton, New Jersey 08608, and that it is the designer and developer of the games *Mino* and *Mino Lite*, both of which have been distributed on the Apple iTunes Store. Xio denies the remaining allegations in this paragraph.

### Jurisdiction and Venue

10. Xio admits that this is a copyright and trademark action conferring federal question jurisdiction on this Court. Xio further admits that this Court has supplemental jurisdiction over the state law claims in this action.

11. Xio admits personal jurisdiction in this Court.

12. Xio admits personal jurisdiction in this Court.

13. Xio admits personal jurisdiction in this Court. Xio denies the remainder of the allegations in this paragraph.

14. Xio admits that venue is proper in this district.

15. Xio lacks sufficient knowledge to admit or deny the allegations in this paragraph and, on that basis, denies them.

16. Xio lacks sufficient knowledge to admit or deny the allegations in this paragraph and, on that basis, denies them.

17. Xio lacks sufficient knowledge to admit or deny the allegations in this paragraph and, on that basis, denies them.

18. Xio lacks sufficient knowledge to admit or deny the allegations in this paragraph and, on that basis, denies them.

19. Xio lacks sufficient knowledge to admit or deny the allegations in this paragraph and, on that basis, denies them.

20. Xio lacks sufficient knowledge to admit or deny the allegations in this paragraph and, on that basis, denies them.

21. Xio lacks sufficient knowledge to admit or deny the allegations in this paragraph and, on that basis, denies them.

22. Xio lacks sufficient knowledge to admit or deny the allegations in this paragraph and, on that basis, denies them.

23. Xio lacks sufficient knowledge to admit or deny the allegations in this paragraph and, on that basis, denies them.

24. Xio lacks sufficient knowledge to admit or deny the allegations in this paragraph and, on that basis, denies them.

25.     Xio lacks sufficient knowledge to admit or deny the allegations in this paragraph and, on that basis, denies them.

26.     Xio lacks sufficient knowledge to admit or deny the allegations in this paragraph and, on that basis, denies them.

27.     Xio lacks sufficient knowledge to admit or deny the allegations in this paragraph and, on that basis, denies them.

28.     Xio lacks sufficient knowledge to admit or deny the allegations in this paragraph and, on that basis, denies them.

29.     Denied.

30.     Xio lacks sufficient knowledge to admit or deny the allegations in this paragraph and, on that basis, denies them.

31.     Xio lacks sufficient knowledge to admit or deny the allegations in this paragraph and, on that basis, denies them.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Xio admits that on its website it quoted a study that found that Tetris had positive brain effects on adolescent girls and stated "Take home message? Play more Mino." Xio denies the remaining allegations in this paragraph.

36.     Xio admits that it had a link on its website to an article written entirely by a third party entitled "Care for some Multiplayer Tetris? Take Mino for a Spin." Xio denies the remaining allegations in this paragraph.

37.     Denied.

3

38. Xio admits that the game Mino reached No. 11 on the Apple iTunes Store's "What's Hot" list. Xio denies the remainder of the allegations in this paragraph.

39. Xio admits that it released the games *Mino* and *Mino Lite* on the Apple iTunes store in July 2009. Xio lacks sufficient knowledge to admit or deny the remaining allegations in this paragraph and, on that basis, denies them.

40. Xio lacks sufficient knowledge to admit or deny the allegations in this paragraph and, on that basis, denies them.

41. Xio admits that counsel for Plaintiff discussed resolution of this action after Plaintiff filed its complaint. Xio denies the remaining allegations in this paragraph.

42. Xio lacks sufficient basis to admit or deny the allegations in this paragraph and, on that basis, denies them.

43. Denied.

## COUNT ONE

## COPYRIGHT INFRINGEMENT

44. Xio repeats and incorporates by reference its responses to paragraphs 1-43 above.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## COUNT TWO

## UNFAIR COMPETITION, FALSE ENDORSEMENT, AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 125(a)(1)(A))

4

49. Xio repeats and incorporates by reference its responses to paragraphs 1-48 above.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## COUNT THREE

## TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION UNDER THE NEW JERSEY FAIR TRADE ACT (N.J.S.A. 56:4-1 et seq.)

56. Xio repeats and incorporates by reference its responses to paragraphs 1-55 above.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## COUNT FOUR

## COMMON LAW UNFAIR COMPETITION

61. Xio repeats and incorporates by reference its responses to paragraphs 1-60 above.

62. Denied.

63. Denied.

## COUNT FIVE

## UNJUST ENRICHMENT

64. Xio repeats and incorporates by reference its responses to paragraphs 1-63 above.

5

65. Denied.

66. Denied.

67. Denied.

## II.     AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Fair Use)**

Plaintiffs' claims are barred in whole or in part by the doctrine of fair use.

### SECOND AFFIRMATIVE DEFENSE

**(License, Consent, Acquiescence, Waiver, Laches, Unclean Hands, Estoppel)**

Plaintiffs' claims are barred in whole or in part by license, consent, acquiescence, waiver, laches, unclean hands and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

**(Innocent Infringer)**

Plaintiffs' claims are barred in whole or in part because Defendant is an innocent infringer.

### FOURTH AFFIRMATIVE DEFENSE

**(Copyright Misuse)**

Plaintiffs' claims are barred in whole or in part by the doctrine of copyright misuse.

### FIFTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

To the extent, and without admitting, that any infringement occurred, Plaintiffs' claims are barred on the ground that Plaintiffs failed to take steps to mitigate their damages.

### SIXTH AFFIRMATIVE DEFENSE

6

(Preemption)

Plaintiffs' claims are barred in whole or in part by the doctrine of preemption.

SEVENTH AFFIRMATIVE DEFENSE

(Nominative Use)

Plaintiffs' claims are barred in whole or in part by the doctrine of nominative use.

EIGHTH AFFIRMATIVE DEFENSE

(First Amendment)

Plaintiffs' claims are barred in whole or in part by First Amendment to the Constitution of the United States of America.

NINTH AFFIRMATIVE DEFENSE

(Functionality)

Plaintiffs' claims are barred in whole or in part by the doctrine of functionality.

TENTH AFFIRMATIVE DEFENSE

(Genericness)

Plaintiffs' claims are barred in whole or in part by the doctrine of genericness.

### III.    COUNTERCLAIM

Defendant and Counterclaimant Xio Interactive Inc. ("Xio"), by and through counsel, hereby counterclaims against Plaintiff and Counter-Defendants Tetris Holding, LLC and The Tetris Company, LLC (collectively "the Tetris Companies") as follows:

### INTRODUCTION

1.      It is a fundamental principle of both copyright and trademark law that copyrights and trademarks do not extend to ideas, systems, methods of operation, standard features, functional elements, or anything necessary to implement any of those features or elements.  The

7

Tetris Companies do not have any patent covering any aspect of the game *Tetris*. Thus, at the very most, their rights—which could be protected by copyright and trademark only—extend to the *non-functional, expressive* elements of *Tetris*.

2. Xio's games *Mino* and *Mino Lite* do not contain any of these non-functional expressive elements. And the name "Mino" is derived from the word "tetramino" (or "tetromino")—a purely descriptive term for a four-squared shape that far-predates the invention of the game *Tetris*.

3. Xio freely admits that its *Mino* and *Mino Lite* games employ the basic rules of the game *Tetris*. But the Tetris Companies do not own a patent to these rules. The *Mino* games do not copy any features to which the Tetris Companies do have rights (such as the color of the tetraminos and the background music of the game). Nor do they copy any of the computer code the Tetris Companies use to implement their games.

4. The Tetris Companies are represented by experienced copyright counsel. On information and belief, counsel for the Tetris Companies is aware of these fundamental principles of law.

5. There is no reasonable way that, knowing the limits of copyright law, the Tetris Companies could have thought that *Mino* and *Mino Lite* were infringing on their rights. Nonetheless, the Tetris Companies wrongly invoked the mechanism of the Digital Millennium Copyright Act to secure for themselves an automatic shutdown of the *Mino* and *Mino Lite* games, without seeking a temporary restraining order or preliminary injunction from this court or meeting any of the standards that would justify such extraordinary relief. For this reason, Xio brings a counterclaim under 17 U.S.C. § 512(f) for material misrepresentation.

**PARTIES**

8

6.      Xio is a New Jersey corporation that maintains its principal place of business in Mountain View, California.

7.      On information and belief, Plaintiff and Counter-Defendant Tetris Holding, LLC is a Delaware limited liability company.

8.      On information and belief, Plaintiff and Counter-Defendant The Tetris Company, LLC is a Delaware limited liability company.

**JURISDICTION AND VENUE**

9.      This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. § 101 *et seq.* (the Copyright Act); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (exclusive federal copyright jurisdiction).  It also has supplemental jurisdiction over this action under 28 U.S.C. § 1367(a) because the counterclaim arises from the same underlying dispute as the First Amended Complaint filed by the Tetris Companies.

10.     The Tetris Companies are subject to personal jurisdiction of this Court and venue is proper in this District under 28 U.S.C. § 1400(a) in that the Tetris Companies reside, may be found, and/or transact business in this District, and have invoked the jurisdiction of this District to bring a complaint involving the same nucleus of operative facts that gives rise to this counterclaim.

**FACTS**

11.     The word "*tetra*mino" describes any of the five unique shapes that can be formed by joining *four* identical squares by their edges—just like how the word "*do*mino" describes the single shape formed by joining *two* identical squares by their edges.  Here are all the possible tetraminos, which are simply four-squared shapes.  There are only five of them:

9



12. These shapes—and only these shapes—constitute the five unique tetraminos.

13. Unsurprisingly, these shapes (and the term tetramino) far-predate the invention of the game *Tetris*.

14. Xio invested substantial time, effort, and money to develop the games *Mino* and *Mino Lite* for the Apple iPhone and iPod Touch—writing the code from scratch, developing the graphics, composing the original background music, and marketing the games. As a result, the *Mino* games reached No. 11 on the Apple iTunes Store's "What's Hot" list.

15. *Mino* and *Mino Lite* do not contain any of the *non-functional* and/or *expressive* elements of the Tetris Companies' game *Tetris*. The only elements common to both the Tetris Companies' games and the *Mino* games are the tetramino shapes and game-play rules.

16. No individual reasonably acquainted with the laws of copyright, trademark, and patent could believe that the tetramino shapes and basic gameplay rules are copyrightable. The tetramino shapes do not belong to anyone (certainly not to the Tetris Companies), and the rules of the game could, at most, be protected only by patent law. The Tetris Companies do not hold and have not asserted a patent on the play of the game.

17. Notwithstanding these facts, the Tetris Companies issued a DMCA take-down notice against *Mino* and *Mino Lite* to Apple, claiming copyright infringement, and resulting in the removal of these games from the Apple iTunes Store. The Tetris Companies knew or should have known that the *Mino* games were not infringing.

18. But for the Tetris Companies' misrepresentations, Apple would not have removed the *Mino* games pursuant to the notices.

10

19. The Tetris Companies also instituted this action for copyright infringement against Xio. As a result, Apple could not respond to Xio's counter-notices of non-infringement by replacing the games, and the *Mino* games remain unavailable on the Apple iTunes Store.

20. As a direct result of the Tetris Companies' actions, Xio has suffered and continues to suffer substantial damage—including lost revenue, sales, time, and resources, and reputational harm.

## COUNT ONE

## MISREPRESENTATION UNDER 17 U.S.C. § 512(f)

21. Xio repeats and incorporates herein by reference the allegations in the preceding paragraphs of this counterclaim.

22. The Tetris Companies materially misrepresented that Xio's games *Mino* and *Mino Lite* were infringing. The Tetris Companies—indeed, any reasonable person with basic knowledge of copyright, trademark, and patent law—knew or should have known that the *Mino* games were non-infringing. On information and belief, the Tetris Companies were aware of the governing law at the time they made these misrepresentations.

23. The Tetris Companies knowing material misrepresentations were made under 17 U.S.C. § 512.

24. As a result of the Tetris Companies' knowing material misrepresentations, Xio is entitled pursuant to 17 U.S.C. § 512(f) to all damages, including costs and attorneys' fees, it incurred as the result of Apple's reliance upon the Tetris Companies' misrepresentations.

25. As a result of the Tetris Companies' acts alleged herein, Xio has suffered, is suffering, and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of profits, and injury to goodwill and reputation—all of which are not yet fully

11

ascertainable.

## PRAYER FOR RELIEF

WHEREFORE, Xio prays for judgment as follows:

(a)     That Plaintiff take nothing by its First Amended Complaint and the Court dismiss the First Amended Complaint with prejudice;

(b)     That the Court award Xio all costs and expenses it incurs in this action;

(c)     That the Court award Xio all its attorneys' fees as permitted by law;

(d)     That the Court award Xio damages according to proof;

(e)     That the Court award Xio such other and further relief that it deems just and proper.

| Dated:  January 15, 2010 | ROBINSON, WETTRE & MILLER LLC<br><br>By: *s/Donald A. Robinson*<br>      Donald A. Robinson<br><br>- and –<br><br>Mark A. Lemley, Esq.<br>Sonali Maitra, Esq.<br>DURIE TANGRI LLP<br><br>Attorneys for Defendant<br>Xio Interactive Inc. |

CERTIFICATE OF SERVICE

      I certify that on January 15, 2010, I served the within Answer to the Amended Complaint and Counterclaim on counsel for plaintiff via the Court's CM/ECF filing system and by e-mail.

                                *s/Donald A. Robinson*