Dale M. Cendali
Johanna Schmitt
Brendan T. Kehoe
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Robert J. Schoenberg
RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800

Attorneys for Plaintiffs and Counterclaim-Defendants
Tetris Holding, LLC and The Tetris Company, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TETRIS HOLDING, LLC and THE TETRIS COMPANY, LLC,<br><br>            Plaintiffs and<br>            Counterclaim-Defendants,<br><br>      -against-<br><br>XIO INTERACTIVE INC.<br><br>            Defendant and<br>            Counterclaim-Plaintiff. | Civil Action No. 3:09-cv-6115 (FLW) (DEA)<br><br>Hon. Freda L. Wolfson, U.S.D.J.<br>Hon. Douglas E. Alpert, U.S.M.J.<br><br><br><br>***Document Filed Electronically*** |

## PLAINTIFFS AND COUNTERCLAIM-DEFENDANTS TETRIS HOLDING, LLC AND THE TETRIS COMPANY, LLC'S ANSWER TO COUNTERCLAIM OF XIO INTERACTIVE INC.

Plaintiffs and Counterclaim-Defendants Tetris Holding, LLC and The Tetris Company,

LLC (collectively, "The Tetris Company" or "Plaintiffs"), by their undersigned counsel, respond

to the Counterclaim of Xio Interactive Inc. as follows:

## Introduction

1.      Admit that Plaintiffs do not have a patent covering any aspect of the game *Tetris*, but aver that the remainder of Paragraph 1 purports to set forth legal conclusions as to which no responsive pleading is required and therefore deny.

2.      Admit that Xio selected the name "Mino" in order to trade off of Plaintiffs' iconic and distinctive playing pieces, but deny the remaining allegations in Paragraph 2 of the Counterclaim.

3.      Admit that Plaintiffs do not own a patent covering the rules of the game *Tetris*, but deny having knowledge and information sufficient to form a belief as to the truth regarding the computer code used in Mino and deny the remainder of the allegations in Paragraph 3 of the Counterclaim.

4.      Admit that Plaintiffs are represented by experienced copyright counsel who are aware of fundamental principles of relevant law, but aver that the remainder of Paragraph 4 purports to set forth legal conclusions as to which no responsive pleading is required and therefore deny.

5.      Deny the allegations in Paragraph 5 of the Counterclaim.

## Parties

6.      Admit that Defendant and Counterclaimant Xio Interactive Inc. ("Xio") is a New Jersey corporation, but deny knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 6 of the Counterclaim.

7.      Admit the allegations contained in Paragraph 7 of the Counterclaim.

8.      Admit the allegations contained in Paragraph 8 of the Counterclaim.

## Jurisdiction and Venue

9.      Admit that subject matter and supplemental jurisdiction are proper.

10.     Admit that Plaintiffs' have invoked the jurisdiction of this District and that jurisdiction and venue are proper.

### Facts

11.     Admit that "tetraminos" can be formed by joining four identical squares by their edges, but deny the remainder of the allegations in Paragraph 11 of the Counterclaim.

12.     Deny the allegations in Paragraph 12 of the Counterclaim.

13.     Admit that certain shapes composed from four identical squares existed prior to the creation of *Tetris*, but deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Counterclaim.

14.     Admit that the *Mino* games reached No. 11 on the Apple iTunes Store's "What's Hot" list, but deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Counterclaim.

15.     Admit that *Mino* and *Mino Lite* contain the same or substantially similar "tetramino" shapes and game-play rules as Plaintiffs' games, but deny the remaining allegations in Paragraph 15 of the Counterclaim.

16.     Admit that Plaintiffs have not asserted a patent on the play of the *Tetris* game in this case, but aver that the remainder of Paragraph 16 purports to set forth legal conclusions as to which no responsive pleading is required and therefore deny.

17.     Admit that Plaintiffs sent a take-down notice pursuant to the Digital Millennium Copyright Act to Apple and that Apple removed the *Mino* games from the Apple iTunes Store, but deny the remainder of the allegations in Paragraph 17 of the Counterclaim.

18.     Deny allegation regarding Plaintiffs' representation and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Counterclaim.

19.     Admit that Plaintiffs brought an action for copyright infringement against Xio and that the *Mino* games remain unavailable on the Apple iTunes Store, but deny the remaining allegations in Paragraph 19 of the Counterclaim.

20.     Deny the allegations in Paragraph 20 of the Counterclaim.

## Count One

21.     Repeat and incorporate by reference their responses to the allegations in the preceding paragraphs of the Counterclaim.

22.     Deny that Plaintiffs misrepresented that Xio's games *Mino* and *Mino Lite* are infringing and deny that Plaintiffs knew or should have known that Xio's games *Mino* and *Mino Lite* were non-infringing, but admit that *Mino* and *Mino Lite* are infringing and that Xio knew or should have known that *Mino* and *Mino Lite* are infringing and aver that the remainder of Paragraph 22 purports to set forth legal conclusions as to which no responsive pleading is required and therefore deny.

23.     Deny the allegations in Paragraph 23 of the Counterclaim.

24.     Deny the allegations in Paragraph 24 of the Counterclaim.

25.     Deny the allegations in Paragraph 25 of the Counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully ask that the Court enter judgment against

Defendant/Counterclaimant Xio Interactive, Inc. dismissing the Counterclaim with prejudice and

that the Court grant such other, further and different relief as the Court deems just and proper.


Respectfully submitted,

RIKER DANZIG SCHERER HYLAND
  & PERRETTI LLP
Attorneys for Plaintiffs
Tetris Holding, LLC
and The Tetris Company, LLC

By    */s/ Robert J. Schoenberg*
      ROBERT J. SCHOENBERG

   One Speedwell Avenue
   Morristown, New Jersey 07962-1981
   Telephone:  (973) 538-0800
   Facsimile:   (973) 538-1984
   Email: rschoenberg@riker.com

Dale M. Cendali
Johanna Schmitt
Brendan T. Kehoe
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: Dale.Cendali@kirkland.com
      Johanna.Schmitt@kirkland.com


Dated: February 1, 2010.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date the foregoing Answer to Counterclaim of Xio

Interactive Inc. by Plaintiffs and Counterclaim-Defendants Tetris Holding, LLC and The Tetris

Company was electronically filed with the Court and served upon counsel of record using

the CM/ECF system.

<div style="margin-left:40%">

s/ Robert J. Schoenberg
Riker, Danzig, Scherer, Hyland
 & Perretti LLP
1 Speedwell Avenue
Morristown, NJ  07962-1981
Tel:  (973) 451-8511
Fax:  (973) 451-8604
Email: rschoenberg@riker.com

</div>

Dated: February 1, 2010.