UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TETRIS HOLDING, LLC and THE TETRIS COMPANY, LLC,<br><br>          Plaintiffs and Counterclaim Defendants,<br><br>- against -<br><br>XIO INTERACTIVE INC.,<br><br>          Defendant and Counterclaim Plaintiff. | Case No. 3:09-cv-6115 (FLW) (DEA)<br><br>Hon. Freda L. Wolfson, U.S.D.J.<br>Hon. Douglas E. Arpert, U.S.M.J.<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' RULE 37(A) MOTION TO COMPEL AND FOR COSTS** |

**THIS MATTER** having been opened to the Court upon the motion of Plaintiffs and counterclaim-defendants Tetris Holding, LLC and The Tetris Company, LLC (collectively "TTC"), pursuant to Fed. R. Civ. P. 37(a), to compel discovery and for costs; and the Court having considered the submissions of the parties without oral argument of counsel; and for good cause shown;

**IT IS, THEREFORE**, on this ____ day of May 2011, for the reasons set forth in the Court's Opinion filed herewith;

**ORDERED** that Plaintiffs' motion is hereby **GRANTED**; and is further

**ORDERED** that Defendant and counterclaim-plaintiff Xio Interactive Inc. ("Xio") shall either:

    a. Deliver to counsel for Plaintiffs, within one week of the date of this Order, all documents that reflect Xio's communications with attorneys before the commencement of this lawsuit regarding the

issue of whether *Mino* infringes *Tetris,* including communications about what parts of *Tetris* constitute protectable expression (including, without limitation XIO-DG-0016404, XIO-HD-DG-010000000007, XXX-PRIV-XXX-XIO-DG-0100730-31, XXX-PRIV-XXX-XIO-DG-0100214, XIO-HD-XIO-0000039, XXX-PRIV-XXX-XIO-DG-0100029, and XXX-PRIV-XXX-XIO-DG-0100031), and make Xio's officer, Desiree Golen, available for deposition on this issue after the production of the above-referenced documents; <u>or in the alternative</u>

b.  Be precluded from relying on (1) any evidence that reflects communications *to or from* attorneys regarding the issue of whether *Mino* infringes *Tetris,* including communications about what parts of *Tetris* constitute protectable expression, and including the fact that Xio contacted attorneys prior to launching *Mino*; and (2) any evidence of Xio's legal analyses that were drafted after it started consulting with attorneys on October 29, 2008 (including, without limitation, documents produced at XIO-DG-0002141-43; XIO-DG-0002118; XIO-HD-DG-0016182, and Desiree Golen's blog regarding intellectual property rights associated with *Tetris*), in support of its "innocent infringer" defense, to rebut TTC's claim of willful infringement, or for any other purpose in this lawsuit.

**IT IS FURTHER ORDERED** that Xio shall reimburse TTC for its reasonable attorneys' fees and costs incurred in connection with bringing this motion; and

**IT IS FURTHER ORDERED** that, if Xio proceeds under Paragraph 2(a) of this Order, TTC is hereby granted leave to subpoena Jeffrey Neu, pursuant to Fed. R. Civ. P. 45, to compel the production of documents and appear for deposition upon oral examination regarding his pre-litigation communications with Xio about whether *Mino* infringes *Tetris,* including but not limited to communications about what parts of *Tetris* constitute protectable expression.

_____
Hon. Douglas E. Arpert
United States Magistrate Judge