Donald A. Robinson
ROBINSON, WETTRE & MILLER LLC
One Newark Center, 19th Floor
Newark, NJ  07102
973-690-5400
drobinson@rwmlegal.com

Attorneys for Defendant
Xio Interactive Inc.

Mark A. Lemley
Sonali D. Maitra
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111
415-362-6666

Attorneys for Defendant
Xio Interactive Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TETRIS HOLDING, LLC and THE TETRIS COMPANY, LLC,<br><br>    Plaintiffs and Counterclaim-Defendants,<br><br>     -against-<br><br>XIO INTERACTIVE INC.,<br><br>    Defendant and Counterclaim-Plaintiff. | Civil Action No. 3:09-CV-6115 (FLW) (DEA)<br><br>Honorable Freda L. Wolfson, U.S.D.J.<br>Honorable Douglas E. Alpert, U.S.M.J. |

## XIO INTERACTIVE INC'S OPPOSITION
## TO PLAINTIFFS' MOTION TO COMPEL

# TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT ........................................................................1

II.    BACKGROUND ........................................................................................3

III.   ARGUMENT .............................................................................................6

       A.    There Is No Waiver ..........................................................................6

       B.    Xio's Compromise Should Have Been Accepted ................................9

       C.    Plaintiffs Should Not Be Allowed To Argue That Xio Did Not
             Consult With Attorneys...................................................................10

       D.    All Other Issues Raised By Plaintiffs Are Not At Issue In This
             Motion .........................................................................................10

       E.    Plaintiffs Are Not Entitled To Costs ................................................11

IV.    CONCLUSION.........................................................................................13

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Dorr-Oliver Inc. v. Fluid-Quip, Inc.,*
    834 F. Supp. 1008 (D. Ill. 1993)..........................................................................7, 8

*In re Seagate Tech., LLC,*
    497 F.3d 1360 (Fed. Cir. 2007) ..............................................................................8

*Kloster Speedsteel AM v. Crucible Inc.,*
    793 F.2d 1565 (Fed. Cir. 1986) ..............................................................................8

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GMBH v. Dana Corp.,*
    383 F.3d 1337 (Fed. Cir. 2004) ..........................................................................8, 10

*Underwater Devices Inc. v. Morrison-Knudsen Co.,*
    717 F.2d 1380 (Fed. Cir. 1983) ..............................................................................8

*Upjohn Co. v. United States,*
    449 U.S. 383 (1981)..................................................................................................6

*Zip Dee, Inc. v. Domestic Corp.,*
    No. 93 C 3200, 1997 WL 323814 (D. Ill. Jun. 11, 1997)...................... 5, 7, 8, 10

## <u>Rules</u>

Federal Rule of Civil Procedure 37(a)(5)(i) ............................................................12

Local Civil Rule 37.1(a)(1)......................................................................................11

## I.    PRELIMINARY STATEMENT

In the fall of 2008, Xio Interactive, Inc. ("Xio") decided it wanted to develop a game application for Apple Inc.'s iPhone.  The developers at Xio liked Tetris games, and—before developing their game—analyzed the intellectual property laws to determine what parts of Tetris games they could use and what parts they couldn't.  Xio discovered that no one had a patent to the rules, game mechanics, or functional elements of Tetris games, and that the only intellectual property protection afforded to Tetris games was copyright, trademark and trade dress.  Copyright, trademark, and trade dress do not protect rules, game mechanics, and functional elements.  This is a basic tenet of intellectual property law, widely discussed on the internet.

Xio carefully, intentionally, and purposefully crafted its game, Mino, to exclude all protected elements.  Xio did not consult an attorney until after it had independently determined that no one owned the rules, game mechanics, and functional elements of Tetris games.  Xio's communications with that attorney are privileged, and Xio has never waived that privilege.

Some individuals at Xio also had informal conversations with other attorneys whom they never retained.  Plaintiffs demanded production of these communications and expressly represented to Xio that "no attorney-client privilege attached" and that "there is no privilege here."

1

Relying on Plaintiffs' representation that it did not consider these communications to be privileged, and hoping to avoid burdening the court with a discovery dispute, Xio produced the requested communications. Plaintiffs now make an about-face and claim that the documents were privileged after all, that Xio waived privilege as to these communications by producing them at Plaintiffs' insistence, and, as a consequence, waived privileged as to other communications with its retained lawyers. Plaintiffs should not be permitted to contradict its own representations that the communications were not privileged, which was the only reason that Xio agreed to produce them in the first place.

Moreover, Xio offered to stipulate that it would not rely on any communications from any attorneys—whether or not retained by Xio—in asserting any defense in this action. Xio does not rely on an advice of counsel defense in this case, which was the predicate for a finding of waiver in the key case upon which Plaintiffs rely for this proposition. But Plaintiffs have nonetheless demanded: (1) that Xio stipulate that it will not assert any good faith defense whatsoever—regardless of whether that defense involves communications from attorneys or not, and (2) that Plaintiffs be permitted to argue that Xio never consulted any attorney prior to being sued—notwithstanding that is simply factually incorrect. None of Plaintiffs' cases support these results, and the two

cases upon which Plaintiffs principally rely, both from Illinois, have since been overruled.

## II.     BACKGROUND

In February of this year, Plaintiffs requested that Xio produce certain emails—emails that Xio had withheld from production because they were communications with attorneys.  Arguing that Xio CEO Desiree Golen testified that she did not have a reasonable expectation of confidentiality when communicating with these attorneys, Plaintiffs repeatedly insisted that such communications were not privileged and should be produced.

Specifically, on February 14, 2011, counsel for Plaintiffs wrote:

> Ms. Golen's testimony shows that she did not have an
> expectation of confidentiality – and thus no attorney-
> client privilege attached – to any of the individuals listed
> in Johanna's email.  Thus, we request that Xio produce
> all such communications.

Declaration of Sonali Maitra in Support of Xio's Opposition to Plaintiffs' Motion to Compel ("Maitra Decl."), ¶ 2, Ex. 1.  Similarly, on March 3, 2011, Plaintiffs stated, "As Ms. Golen confirmed in her deposition, there is no privilege here."  *Id.* at ¶ 3, Ex. 2.  They further explained:

> As Xio has demonstrated that it did not have an
> expectation of privacy [sic] when communicating with
> such attorneys, there is no privilege covering these
> communications.

*Id.*

In response, Xio produced the documents.  *Id.* at ¶ 5.  Xio did so in reliance on Plaintiffs' express representation that they did not consider these documents privileged and in the hopes that it could save the Court the hassle of dealing with the issue.  *Id.*

Now, and before this Court, Plaintiffs use these communications to argue that Xio has waived privilege as to all communications with attorneys regarding infringement.  Plaintiffs' Rule 37(A) Motion to Compel and for Costs ("Plaintiffs' Motion") at 3, 14, 17, 19-29.  Xio has already and repeatedly stipulated that it does not assert an advice of counsel defense in this litigation—neither in the context of its innocent infringer nor in any defense to willfulness.  Maitra Decl. at ¶ 6, Ex. 4.  Xio has also offered to stipulate that (1) it will not rely on any communications from counsel, and (2) the fact that it communicated with counsel, except to the extent necessary to challenge Plaintiffs' assertion that Xio did not consult attorneys and therefore acted in bad faith.  *Id.* at ¶ 7.

But Plaintiffs insisted that Xio go further.  Specifically, Plaintiffs refused to accept anything less than the following stipulation (which is markedly different from the relief that Plaintiffs now ask from the Court):

> "1) Xio agrees not to rely on communications to or from attorneys for any purpose, including the fact that Xio contacted attorneys prior to launching Mino."

***

"2) Xio agrees that it will not rely on evidence of an independent legal analysis."

\*\*\*

"3) [Plaintiffs] may rely on the fact that Xio failed to obtain an opinion of counsel that Mino does not infringe Tetris and thus that Xio did not proceed in good faith when it released Mino.  Absent full disclosure of Xio's pre-suit communications with attorneys regarding the advice of counsel, TTC is entitled to an adverse inference of willfulness. *Zip Dee, Inc. v. Domestic Corp.*, 1997 WL 323814, at *1 (N.D. Ill. June 11, 1997).  That is because Xio had an 'affirmative duty of due care to avoid infringement,' and its only options are to produce all communications bearing on its good faith (i.e., all communications with counsel) or to 'invoke the attorney-client privilege,' thereby withholding documents, and 'run[] the risk of an adverse inference as to willfulness.'  *Id.*  We will not give up this presumption simply because you do not want to disclose all of the attorney communications.  Thus, this is also a necessary component of the stipulation."

Maitra Decl. at ¶ 4, Ex. 3 (emphases removed).

Xio could not comply with Plaintiffs' demands.  First, Xio did in fact analyze intellectual property law prior to any substantive conversations with any attorneys.  Xio plans to introduce testimony that prior to any substantive communication with attorneys, Xio determined what portions of Tetris games it could implement in Mino.  *Id.* at ¶ 8.  In addition, Xio offered Plaintiffs proof of its independent analysis, a draft unanswered letter to an attorney, and further offered to redact all reference to the attorney and to produce all attorney communications that predated that unanswered letter.  *Id.*  Second, Xio at the very least has the right to rebut Plaintiffs' false assertion that Xio never consulted with attorneys.

5

Thus, there are only three issues remaining for the Court to resolve:

- Has Xio waived privilege by producing non-privileged communications with attorneys?

- Is Xio's proposed stipulation that it will not rely on any advice from attorneys sufficient?

- is Xio's proposed stipulation that it will not rely on the fact that it consulted with attorneys—except to the extent it needs to rebut Plaintiffs' false assertion that Xio did not consult with attorneys—sufficient?

## III.   ARGUMENT

 "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law."  *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).  "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice."  *Id.*   Plaintiffs' insistence that Xio has waived this privilege—and further that Xio must pay Plaintiffs' attorneys' fees and costs for attacking this privilege—is  wrong.

### A.    There Is No Waiver

Plaintiffs' sole basis for arguing that they are entitled to privileged communications with retained counsel is that Xio "*waived*" privilege as to other communications with non-retained attorneys.  Plaintiffs' Motion at 3, 14, 17, 19-

29.  But as per Plaintiffs' own repeated representations, these communications are not privileged in the first place, and Xio relied on those representations in producing the communications.  Maitra Decl. at ¶ 5.  In short, Plaintiffs are trying to have it both ways:  insist on production on the basis that these communications are not privileged, and at the same time claim that producing them is a waiver of privilege.  This is unfair gamesmanship, plain and simple.

Moreover, there is no support in the case law that production of non-privileged communications—even with attorneys—results in a waiver of privilege with respect to other, privileged communications, where the party does not assert an advice of counsel defense.  Plaintiffs' two cases, neither of which are from this District or even this Circuit, have no bearing here.

In *Dorr-Oliver,* the defendants affirmatively proffered an advice of counsel defense, affirmatively injecting into the case evidence that it consulted with attorneys to prove good faith.  *Dorr-Oliver Inc. v. Fluid-Quip, Inc.*, 834 F. Supp. 1008, 1011-12 (D. Ill. 1993).  Same too with respect to the unpublished *Zip Dee* case:  defendants affirmatively stated that it would rely on opinions from attorneys to show good faith.  *Zip Dee, Inc. v. Domestic Corp.*, No. 93 C 3200, 1997 WL 323814 (D. Ill. Jun. 11, 1997).  Here, Xio has acceded to Plaintiffs repeated demands that Xio produce non-confidential communications with people who were

7

not retained as Xio's attorneys, and Xio has agreed that it will not assert an advice of counsel defense.

But the cases upon which Plaintiffs rely are unpersuasive on an even more important ground: they are based on case law that has since been overruled, and thus their holdings have been abrogated. When both those cases were decided, the law on advice of counsel was as follows: (1) assertion of an advice of counsel defense and disclosing opinions from counsel waived privilege as to any and all communications from attorneys on infringement, *see Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380 (Fed. Cir. 1983), and (2) parties had an affirmative duty to obtain and produce an opinion of counsel to oppose a claim of willfulness, lest they face an adverse inference of bad faith. *See Kloster Speedsteel AM v. Crucible Inc.*, 793 F.2d 1565 (Fed. Cir. 1986). Both of these propositions have been overruled. That is: (1) waiver of privilege no longer waives privilege as to all attorney communications, *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007), and (2) there is no affirmative obligation to obtain an opinion of counsel to show good faith, *id.*, nor is there any adverse inference of bad faith for failing to produce an opinion of counsel. *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GMBH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004). Thus, *Dorr-Oliver* and *Zip Dee* were decided under decidedly stricter rules on waiver than those that even the Illinois courts would apply today.

8

Plaintiffs repeatedly complain that Xio never provided case law of its own, and this is one of their bases for moving for attorneys' fees and costs.  Xio has not presented a case directly on point for a simple reason:  Xio has been unable to find a case in which any party has taken the odd position that producing non-privileged documents results in the waiver of privilege where there is no advice of counsel defense asserted.

### B.    Xio's Compromise Should Have Been Accepted

Xio has offered to stipulate or already stipulated to the following:

- Xio will not assert an advice of counsel defense to show good faith.

- Xio will not rely on any communications from any attorneys—retained and non-retained—to show good faith.

- Xio will not rely on the fact that it communicated with attorneys to show good faith, except to rebut a false assertion that Xio never consulted with attorneys.

Maitra Decl. at ¶ 6-7.

Plaintiffs rejected this proposal for two reasons:  (1) Plaintiffs refused to allow Xio to rely an unanswered email Xio drafted *to* an attorney that demonstrates Xio's state of mind at the time, and (2) Plaintiffs want the right to falsely accuse Xio of never having spoken with attorneys and thereby obtain an inference of bad faith.  *Id.* at ¶ 4, Ex. 3.  The first has nothing to do with advice of counsel—this is a

correspondence *to* an attorney introduced to show the state of mind of the writer, and, indeed, no response was ever received.  Importantly, Xio offered to redact the portions of the email that demonstrate it was sent to an attorney.  *Id. at* ¶ 8.  The second, permitting Plaintiffs to say that Xio never spoke to attorneys, would be permitting Plaintiffs to misrepresent the truth.

### C.   Plaintiffs Should Not Be Allowed To Argue That Xio Did Not Consult With Attorneys

Plaintiffs ask the Court to order Xio to produce all privileged communications regarding willfulness or, in the alternative, to stipulate that it will not rely on any communications to or from attorneys or on the fact that it consulted with attorneys.  Importantly, if Xio does so stipulate, Plaintiffs want the right to argue that Xio acted in bad faith by failing to consult attorneys.  Setting aside the issue that this assertion is not true, Plaintiffs argue that they have a legal right to this inference of bad faith, and point to *Zip Dee*.  However, as explained above, this is not the law.  Plaintiffs are no longer entitled to show bad faith for failure to consult with attorneys or waive privilege.  *See Dana*, 383 F.3d at 1344-45.

### D.   All Other Issues Raised By Plaintiffs Are Not At Issue In This Motion

Plaintiffs raise a number of issues that are not, and should not, be at issue in the present motion—including, whether Xio has in fact infringed Plaintiffs' intellectual property rights and whether Xio has waived privilege by failing to exercise reasonable care.

First, the question whether Xio infringes Plaintiffs' rights is an issue for summary judgment and not this motion to compel.

Second, the "inadvertent production" issue has nothing to do with the issues presented in this motion.  Plaintiffs did not address the issue at any court conference, did not seek leave from the Court to file a motion on this issue, and did not meet and confer on it in advance of its motion.  Maitra Decl. ¶ 9.[1]  This alone mandates denial with respect to "inadvertent production."  *See* Local Civil Rule 37.1(a)(1) ("Counsel shall confer to resolve any discovery dispute.  Any such dispute not resolved shall be presented by telephone conference call or letter to the Magistrate Judge.  This presentation shall precede any formal motion.").  At any rate, more than six months ago, Xio explained to Plaintiffs the circumstances surrounding its inadvertent production and the reasonable care taken by Xio in connection with that production.  Maitra Decl. at ¶ 10, Ex. 5.  Xio understood Plaintiffs to be satisfied with that explanation.  *Id.* ¶ 10.  There is no justification for digging that issue up now, after the close of discovery.

### E.    Plaintiffs Are Not Entitled To Costs

As demonstrated by the foregoing, Xio's opposition to Plaintiffs' motion is substantially justified.  For this reason alone, imposition of costs is not appropriate.

---

[1] Plaintiffs rightly claim in their motion that they raised this issue in a letter to the Court.  But Plaintiffs did not raise the issue at the Court conference, nor did they ever raise the issue with Xio at any point in time after the Court instructed the parties to meet and confer on that issue.  Indeed, Xio never heard directly from Plaintiffs on this issue for several months.

Notably, Plaintiffs are enormously successful and thus evidently have the means to exclude companies like Xio from the market.  They should not be permitted to extract Kirkland & Ellis's fees from a five-person company with total revenues of less than $3,000.

Moreover, Federal Rule of Civil Procedure 37(a)(5)(i) expressly mandates that the Court must not order payment of costs and attorneys' fees if the movant did not attempt to resolve the issue without court action.  Plaintiffs predicate their motion for fees in large part on Xio's inadvertent production.  As explained above, the last communication between the parties on this issue was more than half a year ago and not once since the Court asked the parties to meet and confer on waiver did Plaintiffs mention this issue—much less explain why the inadvertent production was the result of negligence.  In addition, this is the very first time Xio has discovered that Plaintiffs believe that Xio's claw-back of a single document containing notes from an attorney conversation indicated a lack of reasonable care.  Thus, the Court should deny Plaintiffs' motion for costs.

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.   CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to compel.

Dated:  April 29, 2011                    Respectfully submitted,

                                          ROBINSON, WETTRE & MILLER LLC


                              By:   ___*s/Donald A. Robinson*_____
                                    Donald A. Robinson

                                       -and-

                                    Mark A. Lemley
                                    Joseph C. Gratz
                                    Sonali D. Maitra
                                    DURIE TANGRI LLP
                                    217 Leidesdorff Street
                                    San Francisco, CA  94111
                                    415-362-6666

                                    Attorneys for Defendant
                                    Xio Interactive Inc.

13

<u>CERTIFICATE OF SERVICE</u>

I certify that on April 29, 2011 I caused the within Opposition to Plaintiff's Motion to Compel and Declaration of Sonali Maitra, Esq. to be filed and served upon counsel of record through the District Court's CM/ECF system.

*s/Donald A. Robinson*

Donald A. Robinson