Donald A. Robinson
ROBINSON, WETTRE & MILLER LLC
One Newark Center, 19th Floor
Newark, NY  07102
973-690-5400
drobinson@rwmlegal.com

Attorneys for Defendant
Xio Interactive Inc.

Mark A. Lemley
Sonali D. Maitra
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111
415-362-6666

Attorneys for Defendant
Xio Interactive Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TETRIS HOLDING, LLC and THE TETRIS COMPANY, LLC,<br><br>    Plaintiffs and Counterclaim-Defendants,<br><br>  -against-<br><br>XIO INTERACTIVE INC.,<br><br>    Defendant and Counterclaim-Plaintiff. | Civil Action No. 3:09-CV-6115 (FLW) (DEA)<br><br>Honorable Freda L. Wolfson, U.S.D.J.<br>Honorable Douglas E. Alpert, U.S.M.J. |

**DECLARATION OF SONALI MAITRA IN SUPPORT OF
XIO INTERACTIVE'S OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL**

I, Sonali Maitra, hereby declare under penalty of perjury:

1. I am an attorney-at-law of the State of California and am an associate at the law firm of Durie Tangri LLP, 217 Leidesdorff Street, San Francisco, CA 94111. I am a member in good standing of the California Bar and am admitted to practice before the Northern and Central Districts of California. I am not under any suspension or disbarment by any court, State or Federal. No disciplinary proceedings are pending, nor have there been any disciplinary proceedings imposed within the past five years.

2. Attached hereto as Exhibit 1 is a true and correct copy of a correspondence from counsel for Plaintiffs Brendan Kehoe to me and others dated February 14, 2011.

3. Attached hereto as Exhibit 2 is a true and correct copy of a correspondence from counsel for Plaintiffs Johanna Schmitt to me and others dated March 3, 2011.

4. Attached hereto as Exhibit 3 is a true and correct copy of a correspondence from counsel for Plaintiffs Brendan Kehoe to me and others dated April 6, 2011.

5. Xio produced communications with non-retained attorneys in reliance on Plaintiffs' statements that they did not consider the documents to be privileged and in the hopes that it could save the Court the hassle of dealing with the issue.

6. Attached hereto as Exhibit 4 is a true and correct copy of a correspondence from me to opposing counsel and others dated March 7, 2011. Therein, I stipulate that Xio does not assert an advice of counsel defense. Xio had already made this representation to Plaintiffs on prior occasions.

7. Xio expressly offered to stipulate that it would not rely on any communications from counsel or the fact that it communicated with counsel, except to the extent necessary to challenge Plaintiffs' assertion that Xio did not consult with attorneys and therefore acted in bad faith. Plaintiffs rejected this proposal, as demonstrated in correspondence contained in Exhibit 3.

8. Xio plans to introduce testimony that Xio correctly analyzed intellectual property law prior to any substantive conversations with attorneys. Xio seeks to substantiate this testimony with an answered draft letter to an attorney. Xio offered to produce to Plaintiffs all attorney communications that predated that unanswered letter. Xio further offered to redact portions of the communication that demonstrate it was sent to an attorney.

9. Plaintiffs did not address the issue of inadvertent production at any court conference, did not seek leave from the Court to file a motion on this issue, and did not meet and confer on this issue in advance of the present motion.

10. Attached hereto as Exhibit 5 is a true and correct copy of an email from counsel for Xio to Plaintiffs. Therein Xio explains the reasonable care taken

by Xio in connection with the inadvertent production. Xio understood Plaintiffs to be satisfied with that explanation.

I hereby declare under penalty of perjury the foregoing is true and correct.

_____
Sonali D. Maitra

Dated: April 29, 2011
San Francisco