# EXHIBIT 3

**From:** Brendan T. Kehoe [mailto:brendan.kehoe@kirkland.com]
**Sent:** Wednesday, April 06, 2011 2:38 PM
**To:** Joseph Gratz
**Cc:** Johanna Schmitt; #Xio Litigation; Sonali Maitra
**Subject:** RE: Tetris v. Xio

Sonali,

I am writing to follow up regarding the issues raised in the email thread below, in our March 9, 2011 letter to the Court, and in our recent meet and confer discussions regarding Xio's attempt to use the attorney-client privilege as both a sword and a shield.

As you know, TTC has requested that Xio produce evidence of all communications to or from attorneys regarding infringement issues (including documents that reflect such communications) up until the filing of the complaint in this case. TTC has requested these materials because Xio has indicated that it intends to rely on its own "good faith" to rebut TTC's infringement claims and support its affirmative defenses. In lieu of Xio producing the evidence requested by TTC, we have discussed a stipulation that would satisfy our concerns.

From our standpoint, the stipulation must contain the following provisions:

    1) Xio agrees not to rely on communications <u>to or from</u> attorneys for any purpose, including the fact that Xio contacted attorneys prior to launching Mino. In our recent meet and confer discussion with Joe on Friday, April 1, he agreed that Xio will not to rely on communications <u>from</u> attorneys for any purpose. With regard to communications <u>to</u> attorneys, Xio cannot rely on the fact that it contacted attorneys because the only plausible purpose of doing so is to show Xio's purported "good faith." But, this is impermissible because Xio continues to withhold the attorneys' response to these communications, leaving unanswered the question of what advice Xio received. Also, "[m]erely asking a lawyer a question is not in itself probative evidence of good faith," which instead turns on what legal advice was received and whether that advice was followed. *See Dorr-Oliver, Inc. v. Fluid-Quip, Inc.*, 834 F. Supp. 1008, 1012 (N.D. Ill. 1993) (precluding defendants from relying on the fact that they had contacted counsel without revealing the substance of counsel's advice). In other words, allowing Xio to use the attorney-client privilege in this manner would be misleading and unfairly prejudicial because it gives the impression that Xio acted in good faith without disclosing all relevant evidence bearing on this issue--such as what Xio disclosed to the attorneys and what advice the attorneys provided in response. Thus, we must insist on this provision in the stipulation.

    2) Xio agrees that it will not rely on evidence of an independent legal analysis. First of all, it does not appear that Xio undertook any such analysis. For example, at the March 10 conference with Judge Arpert, you indicated that you could prove to us that Xio conducted a legal analysis that was wholly independent of the advice it sought or received from the lawyers it contacted. However, the only evidence that you have pointed to is a November 13, 2008 email from Desiree Golen to Gary Reback, an attorney with the firm Carr/Ferrell in Silicon Valley. XIO-DG-0002141-43. However, Xio's own documents and privilege log show that Xio had been communicating with lawyers as early as October 2008 (XIO-DG-0001354 ; XIO-PRIV-XXX-XIO-DG-0100029), and that Xio had been communicating "in anticipation of litigation" with its IP attorney, Jeffrey Neu, beginning at least as early as November 6, 2008 (XXX-PRIV-XXX-XIO-DG-0100031), which was one week prior to the November 13 email to Mr. Reback. Thus, it is simply not plausible that Ms. Golen's email to Mr. Reback represents her own independent analysis as it came on the heels of Ms. Golen's communications with Xio's IP attorney. Moreover, Xio cannot plausibly argue that the content of this email reflects Ms. Golen's "independent" analysis of any legal issues as she testified in her deposition that her analysis was predicated on communications with lawyers. (D. Golen Dep. 251:11-255:25 ("Q. What people did you speak to that you were relying on in forming your [legal] opinion . . . before releasing Mino? A. Okay. So that would be Julie Turner, Jeffrey Neu, Sean DeBruine, Colin Chapman, I believe. . . . Q. And how many of those people are lawyers? A. To my understanding,

all of those people are lawyers.").)   Additionally, the email to Mr. Reback plainly seeks legal advice (see the headers, "Copyright infringement?", "My question for you," and "Would you say I have a case against the Tetris Company LLC?"), and thus unquestionably falls within the holding in *Dorr-Oliver, Inc.*, making it impermissible because Xio cannot rely on the fact that it contacted attorneys without disclosing the content of the attorneys' advice that it contacted.

     Similarly, other documents that you have argued reflect Xio's purely "independent" legal analysis, also appear to reflect Xio's communications with attorneys.  For example, Maura Carter's analysis of copyright cases (XIO-DG-002118) was written on November 12, 2008, several days after she consulted with Mr. Neu (along with Desiree Golen) on November 6, 2008.  XXX-PRIV-XXX-XIO-DG-0100031.  And, the Tetris Company Legal Notes (XIO-HD-DG-0016182) of September 29, 2009, were written almost a year after Xio first contacted Mr. Neu, and appear to have been finalized on the same day that Xio received a privileged memo from Mr. Neu.  XIO-XXX-PRIV-XXX-XIO-DG-0100730.  The Tetris Company Legal Notes are far more detailed and extensive than the initial emails that Xio was writing to attorneys in the fall of 2008.  Additionally, Ms. Golen's legal blog was written in December 2008 and January 2009, after Ms. Golen had been in touch with several attorneys regarding potential infringement issues.

     Secondly, we note that even if Xio had undertaken its own legal analysis prior to contacting attorneys in October 2008, we fail to see how Xio's state of mind at that time--a half a year before Mino was released--is relevant at all.  That situation is no different than any time a client approaches an attorney seeking legal advice.  But, as *Dorr-Oliver* instructs, what is relevant to "good faith" is what advice the attorney gave and whether that advice was followed.  834 F. Supp. at 1012.  Thus, any such evidence is doubly irrelevant.

     3) TTC may rely on the fact that Xio failed to obtain an opinion of counsel that Mino does not infringe Tetris and thus that Xio did not proceed in good faith when it released Mino.  Absent full disclosure of Xio's pre-suit communications with attorneys regarding the advice of counsel, TTC is entitled to an adverse inference of willfulness.  *Zip Dee, Inc. v. Domestic Corp.*, 1997 WL 323814, at *1 (N.D. Ill. June 11, 1997).  That is because Xio had an "affirmative duty of due care to avoid infringement," and its only options are to produce all communications bearing on its good faith (i.e., all communications with counsel) or to "invoke the attorney-client privilege," thereby withholding documents, and "run[] the risk of an adverse inference as to willfulness."  *Id.*  We will not give up this presumption simply because you do not want to disclose all of the attorney communications.  Thus, this is also a necessary component of the stipulation.

On a related note, during our meet and confer on April 4th, you agreed to produce Xio's revised (and fully corrected) privilege log by no later than April 22, 2011.  We need the log to reflect any documents that Xio has clawed back and that Xio has released others from its privilege log.  Without a corrected log, it is very difficult to determine what Xio is still claiming is privileged.

Best,
Brendan

Brendan T. Kehoe | Kirkland & Ellis LLP
601 Lexington Avenue | New York, New York 10022
(212) 446-4824 DIRECT | (212) 446-6460 FAX
brendan.kehoe@kirkland.com

| | | |
|---|---|---|
| **Joseph Gratz <JGratz@durietangri.com>** | To | "Brendan T. Kehoe" <brendan.kehoe@kirkland.com>, Sonali Maitra <SMaitra@durietangri.com> |
| 03/30/2011 03:37 PM | cc | Johanna Schmitt <johanna.schmitt@kirkland.com>, #Xio Litigation <Service-Xio-Litigation@kirkland.com> |
| | Subject | RE: Tetris v. Xio |

Brendan,

Xio is willing to stipulate that it will not rely on any communications from attorneys in asserting any defense in this matter. That is a compromise that addresses Tetris's concern that Xio may introduce communications from some of its attorneys but not others: the proposed stipulation is that no communications from attorneys will be relied upon. Advice from attorneys will be used neither as a sword nor as a shield if this stipulation is agreed to.

Xio is not willing to stipulate that it will not rely on its own legal analysis, as you demand. Nor is it appropriate to demand that Xio not rely on the fact of communications from attorneys, as opposed to their content; the fact of such communications is not privileged to begin with.

Please confirm that Tetris accepts Xio's stipulation, or explain why it does not address your concern that Xio may introduce advice from some attorneys but not others.

Joe

**From:** Brendan T. Kehoe [mailto:brendan.kehoe@kirkland.com]
**Sent:** Wednesday, March 30, 2011 12:04 PM
**To:** Sonali Maitra
**Cc:** Joseph Gratz; Johanna Schmitt; #Xio Litigation
**Subject:** RE: Tetris v. Xio

Sonali,

I want to confirm several points regarding Xio's proposed stipulation. During the March 10 conference with Judge Arpert (and our accompanying March 9 letter to the Court), we had raised several concerns beyond Xio's affirmative defenses, including that Xio not rely on communications -- including the fact that it consulted attorneys -- for any purpose, including, without limitation, to rebut TTC's claim that Xio acted wilfully in infringing TTC's copyrights or that Xio acted in good faith (one of the likelihood of confusion factors). Thus, we understand the stipulation to mean that Xio will not rely on communications with attorneys for any purpose. Second, you had mentioned that Xio may try to rely on its own "independent legal analysis," but, as Desiree Golen testified, the company's own analysis was predicated on communications with lawyers. (D. Golen Dep. 251:11-255:25.) Thus, we also understand that Xio will not rely on such a legal analysis, including, without limitation, the written analyses produced at XIO-DG-0016404 ("Copyright Analysis Notes"), XIO-HD-DG-0016182 ("Tetris Company Legal Notes"), and XIO-DG-002118 (Maura Carter's legal analysis) (collectively, the "Legal Analysis").

Based on the foregoing, we propose the following stipulation to clarify these points: Xio will not rely on any communications with attorneys for any purpose in this litigation, including, without limitation, the fact that Xio had communications with attorneys prior the filing of the complaint or its Legal Analysis.

Best,
Brendan

Brendan T. Kehoe | Kirkland & Ellis LLP
601 Lexington Avenue | New York, New York 10022
(212) 446-4824 DIRECT | (212) 446-6460 FAX
brendan.kehoe@kirkland.com

| Sonali Maitra <SMaitra@durietangri.com> | | To "Brendan T. Kehoe" <brendan.kehoe@kirkland.com> |
|---|---|---|

03/29/2011 04:15 PM

    cc Joseph Gratz <JGratz@durietangri.com>, #Xio Litigation <Service-Xio-Litigation@kirkland.com>, Johanna Schmitt <johanna.schmitt@kirkland.com>
Subject RE: Tetris v. Xio

Brendan,

Xio hereby stipulates that it will not rely on any communications from attorneys in asserting any defense in this matter.

Sonali
Durie Tangri LLP

**From:** Brendan T. Kehoe [mailto:brendan.kehoe@kirkland.com]
**Sent:** Tuesday, March 29, 2011 1:04 PM
**To:** Sonali Maitra
**Cc:** Joseph Gratz; #Xio Litigation; Johanna Schmitt
**Subject:** RE: Tetris v. Xio

Sonali,

Several weeks have gone by since Judge Arpert instructed you on March 10 to address the issue of Xio using the attorney-client privilege as both a sword and a shield.  In that time, TTC has made its highly proprietary source code available for your inspection, despite great burden in having done so, yet we have not received from Xio any meaningful proposal addressing the sword/shield issue.

At this point, I believe that there are two alternatives on the table -- first, you may propose a stipulation that Xio will not rely on any communications with any attorney to support its defenses in this matter or, second, Xio will produce all communications with attorneys from prior to the filing of the complaint in this action regarding the question of whether Mino infringes Tetris.  Please let us know by Wednesday, March 30, which alternative Xio will follow so that we may promptly determine the next steps to take.  In the absence of a response, however, TTC will take whatever actions it deems reasonably necessary to resolve this matter.

Best,
Brendan


Brendan T. Kehoe | Kirkland & Ellis LLP
601 Lexington Avenue | New York, New York 10022
(212) 446-4824 DIRECT | (212) 446-6460 FAX
brendan.kehoe@kirkland.com

**Johanna Schmitt/New York/Kirkland-**

**Ellis**

03/24/2011 06:26 PM

|         |                                                                                                 |
|---------|-------------------------------------------------------------------------------------------------|
| To      | Sonali Maitra <SMaitra@durietangri.com>                                                         |
| cc      | Joseph Gratz <JGratz@durietangri.com>, #Xio Litigation <Service-Xio-Litigation@kirkland.com>    |
| Subject | RE: Tetris v. Xio Link                                                                          |

Sonali,

We cannot agree to your proposal. For one thing, at this point, we don't know the content or volume of the documents Xio may produce. Further, in numerous depositions, the Xio witnesses were instructed not to answer questions about communications with Mr. Neu and other attorneys. If Xio decides to produce these communications with Mr. Neu and other attorneys, we will seek to reopen discovery on this issue, including deposing Xio's witnesses on this subject. We also reserve our right to seek costs associated with these depositions as it was Xio's choice to proceed this way. Further, if Xio decides to produce these documents, as indicated in our letter to Judge Arpert, we are seeking communications with attorneys prior to the commencement of this litigation regarding infringement.

Please let us know promptly how Xio intends to proceed.

- Johanna


**Johanna Schmitt** / KIRKLAND & ELLIS LLP
601 Lexington Avenue / New York, New York 10022
Tel: 212.446.4841  |  Fax: 212.446.6460  |  johanna.schmitt@kirkland.com


**Sonali Maitra
<SMaitra@durietangri.com>**

03/17/2011 07:27 PM

|         |                                                                                                 |
|---------|-------------------------------------------------------------------------------------------------|
| To      | Johanna Schmitt <johanna.schmitt@kirkland.com>                                                  |
| cc      | Joseph Gratz <JGratz@durietangri.com>, #Xio Litigation <Service-Xio-Litigation@kirkland.com>    |
| Subject | RE: Tetris v. Xio                                                                               |

Johanna,

We're working on it.  I understand that you are requesting this information urgently, but a number of Xio witnesses on this issue have been out-of-state this past week.

In the meantime, I'd like to discuss an issue with you.  One of our primary concerns has been that Plaintiffs will use the production of any communications between Xio and Jeffrey Neu to reopen fact discovery and engage in a new round of depositions.  We're also concerned that even if we do exclude any informal, non-privileged conversations with attorneys in asserting our innocent infringers' defense, Plaintiffs will sandbag Xio and argue that Xio never talked to any attorneys and that thus its defense fails.  To alleviate these concerns, are Plaintiffs willing to agree that it will not seek any non-expert depositions if Xio were to produce communications between Xio and Jeffrey Neu regarding infringement, dated prior to the release of Mino—and provided that Xio does the same with respect to the demo source code and its compiled executable?

Nothing herein shall be read to waive our rights to assert privilege over Xio's communications with Jeffrey Neu (or any other privileged communications). I simply want to gauge Plaintiffs' position on the issue so as best to come to a decision regarding production.

Sonali
Durie Tangri LLP


**From:** Johanna Schmitt [mailto:johanna.schmitt@kirkland.com]
**Sent:** Thursday, March 17, 2011 8:15 AM
**To:** Sonali Maitra
**Cc:** Joseph Gratz; #Xio Litigation
**Subject:** Tetris v. Xio

Sonali,

At the court conference, you represented that Xio was not going to rely on any evidence relating to any lawyers in this case.   With regard to Xio's innocent infringer defense, you said that Xio would only rely on the "independent" legal analysis that Xio did on its own with no input from lawyers.   Can you please identify the independent legal analysis to which you referred so we can consider this issue further?

It has been a week since the court conference -- and I have sent you multiple emails about this issue -- but have received no response from you.   Please advise.

- Johanna

**Johanna Schmitt** / KIRKLAND & ELLIS LLP
601 Lexington Avenue / New York, New York 10022
Tel: 212.446.4841 | Fax: 212.446.6460 | johanna.schmitt@kirkland.com

***************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
***************************************************************


***************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
***************************************************************


***************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
***************************************************************


***************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.

```
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
***********************************************************
```

_____ Information from ESET NOD32 Antivirus, version of virus signature database 6081 (20110429) _____

The message was checked by ESET NOD32 Antivirus.

http://www.eset.com