# **EXHIBIT 5**

**From:** Joseph Gratz
**Sent:** Thursday, October 21, 2010 10:11 AM
**To:** Johanna Schmitt
**Cc:** Brendan T. Kehoe; Sonali Maitra
**Subject:** RE: Tetris v. Xio

Johanna,

I am writing to answer your follow-up questions below.

1. The inadvertent inclusion of the privileged documents resulted from a number of technical errors, which we are still investigating.  It appears that many of the documents were not located by our keyword searches for potentially privileged documents, for one of a number of reasons. For a number of the documents, it was because they were client emails in which the clients misspelled the name of our law firm – as "Duri Tangri," "Durie Tangi," or "Duri Tangi."  For a number of the documents, it was because it appears that the "cc" field was erroneously omitted from the portions of the message searched for privilege keywords. For a number of the documents, it was because they were client emails in which the clients referred to Durie Tangri attorneys either only by first name or without using names at all, and without using the name of the firm.  Some privileged documents were not marked as such by the client, and did not mention any attorneys by name, and thus were not located by keyword privilege searches. And it appears that a small number of documents matching the privilege terms were erroneously produced as a result of human error in operating Concordance, the software being used for the review.  As I said, our investigation is ongoing, but it appears that the factors listed above account for most of the documents clawed back.
2. We can see a number of ways of resolving this issue while addressing your concern about creating uncertainty over which documents are removed from production as not containing certain keywords. Please be prepared to discuss this issue on our call today.
3. We are not presently clawing back any documents produced by third-party subpoena recipients, and we do not presently anticipate doing so.  Have you encountered any apparently privileged documents in your review of those productions?

Joe


**From:** Johanna Schmitt [mailto:johanna.schmitt@kirkland.com]
**Sent:** Thursday, October 21, 2010 7:47 AM
**To:** Joseph Gratz
**Cc:** Brendan T. Kehoe; Sonali Maitra
**Subject:** RE: Tetris v. Xio

Joe,

We will remove the documents that you identified below from our attorney review database and destroy any copies of them (other than the copy that was in the .zip file, which is maintained strictly by our technical team).

As I stated in my earlier email, we are taking these steps as a courtesy to Xio while we continue to discuss the issue with you.  Our clients reserve all rights regarding whether the disclosure of more than

100 documents that Xio now claims are privileged was inadvertent or whether the privilege has been waived.  In order to further evaluate this issue, we have several follow up questions.

- First, you state that there was an "inadvertent technical error" that led to Xio producing the documents.  In order for us to evaluate whether, under the protective order, Xio exercised "reasonable care" in preventing disclosure of the documents, please explain in detail precisely what the technical error was.
- 
- In addition, you claim that the disclosure of more than 100 privileged documents constituted a small portion of Xio's overall production.  However, as we have already identified, it appears that Xio produced tens of thousands (if not more than 100,000) non-responsive documents in error as a result of misapplying Xio's search terms.  In order for us to determine what percentage of Xio's overall production included documents that Xio is now claiming are privileged, Xio must produce its revised set of responsive documents.  I am still waiting for a response to my October 18th email to Sonali and you on this subject.  Please let us know when we can expect Xio's revised production so we can begin a meaningful review of Xio's production and prepare for depositions.
- 
- Lastly, have you checked to see whether any documents that Xio is claiming are privileged were produced as part of the third-party productions of Rus, Haro, and Ude?  If there were documents contained in those productions that Xio claims are privileged, please identify them immediately.

- Johanna

**Johanna Schmitt** / KIRKLAND & ELLISLLP
601 Lexington Avenue / New York, New York 10022
Tel: 212.446.4841 | Fax: 212.446.6460 | johanna.schmitt@kirkland.com

| | |
|---|---|
| **Joseph Gratz <JGratz@durietangri.com>** | To Johanna Schmitt <johanna.schmitt@kirkland.com> |
| 10/20/2010 04:17 PM | cc "Brendan T. Kehoe" <brendan.kehoe@kirkland.com>, Sonali Maitra <SMaitra@durietangri.com> |
| | Subject RE: Tetris v. Xio |

Johanna,

As Sonali stated in an email of earlier this morning, there appears to have been an inadvertent technical error leading to the production of certain documents over which Xio intends to assert privilege.  We appreciate your professional courtesy in accommodating this "clawback."  The following documents, making up less than one tenth of one percent of Xio's production, were inadvertently produced, should not be reviewed, and should be destroyed immediately.

XIO-DG-0001195
XIO-DG-0001675
XIO-DG-0001766
XIO-DG-0001876
XIO-DG-0001897
XIO-DG-0001904
XIO-DG-0001932
XIO-DG-0002051

XIO-DG-0002062
XIO-DG-0002111
XIO-DG-0002116
XIO-DG-0002141
XIO-DG-0002147
XIO-DG-0002152
XIO-DG-0002298
XIO-DG-0002353
XIO-DG-0002722
XIO-DG-0003039
XIO-DG-0006576
XIO-DG-0007901
XIO-DG-0008032
XIO-DG-0008795
XIO-DG-0012625
XIO-DG-0012628
XIO-DG-0012649
XIO-DG-0012651
XIO-DG-0012652
XIO-DG-0012812
XIO-DG-0012815
XIO-DG-0012823
XIO-DG-0012899
XIO-DG-0012927
XIO-DG-0014482
XIO-DG-0015165
XIO-DG-0015169
XIO-DG-0016034
XIO-DG-0016069
XIO-DG-0016403
XIO-DG-0016590
XIO-DG-0016591
XIO-DG-0016593
XIO-DG-0017393
XIO-DG-0017428
XIO-DG-0017534
XIO-DG-0017558
XIO-DG-0017580
XIO-DG-0017619
XIO-DG-0017625
XIO-DG-0018195
XIO-DG-0018214
XIO-DG-0018246
XIO-DG-0018259
XIO-DG-0018268
XIO-DG-0018516
XIO-DG-0018652
XIO-DG-0019185
XIO-DG-0019186
XIO-DG-0019385
XIO-DG-0019595
XIO-DG-0019596
XIO-DG-0019601

XIO-DG-0019955
XIO-DG-0019956
XIO-DG-0023661
XIO-DG-0023781
XIO-DG-0024035
XIO-DG-0024037
XIO-DG-0024054
XIO-DG-0024081
XIO-DG-0024085
XIO-DG-0024089
XIO-DG-0024173
XIO-DG-0024670
XIO-DG-0025226
XIO-DG-0031199
XIO-DG-0031232
XIO-HD-DG-0007339
XIO-HD-DG-0013253
XIO-HD-DG-0016147
XIO-HD-DG-0016148
XIO-HD-DG-0016218
XIO-HD-DG-0016845
XIO-HD-XIO-0000014
XIO-HD-XIO-0000021
XIO-HD-XIO-0000039
XIO-HD-XIO-0000043
XIO-HD-XIO-0001455
XIO-HD-XIO-0001484
XIO-HD-XIO-0001593
XIO-HD-XIO-K-0000010
XIO-HD-XIO-K-0000019
XIO-MC-0065942
XIO-MH-0026847
XIO-MH-0027063
XIO-MH-0027173
XIO-MH-0040651
XIO-HD-DG-010000000006
XIO-HD-DG-010000000007
XIO-HD-DG-010000000008
XIO-HD-DG-010000000009
XIO-HD-DG-010000000010
XIO-HD-DG-010000000013
XIO-HD-DG-010000000015
XIO-HD-DG-010000000016
XIO-HD-DG-010000000018
XIO-HD-DG-010000000019
XIO-HD-DG-010000000020
XIO-HD-DG-010000000022
XIO-HD-DG-010000000023
XIO-HD-DG-010000000024
XIO-HD-DG-010000000025
XIO-HD-DG-010000000026
XIO-HD-DG-010000000028
XIO-HD-MH-01000000005

As Sonali stated, Xio does not waive any privilege or other protection with respect to these documents, and explicitly reserves all its rights.  If there is anything else we can provide to assist in your deletion of the above documents, such as a Concordance or Summation load file or a CSV file containing the above-listed Bates numbers, please let me know.

Tetris may continue with its review of the documents not listed above.  Note that some of the documents that Tetris listed in its email of this morning, such as published law review articles and copies of published court rulings, are not documents over which Xio asserts privilege, and are not listed above.

Once again, thank you for your professional courtesy in your handling of this matter.

Joseph Gratz
Durie Tangri LLP
jgratz@durietangri.com/ 415-362-6666


**From:** Johanna Schmitt [mailto:johanna.schmitt@kirkland.com]
**Sent:** Wednesday, October 20, 2010 8:51 AM
**To:** Sonali Maitra
**Cc:** Brendan T. Kehoe; Joseph Gratz
**Subject:** RE: Tetris v. Xio

Sonali,

In light of your email below, we will halt review of Xio's production until we hear from you later today.   In addition, we have removed the documents that I had identified in my email to you from our attorney review database and destroyed any additional copies.  We have, however, retained one copy of each of the .zip files that Xio has produced to TTC.  The .zip files are maintained by our technical team and are not accessible by the attorneys or others.

We note that our compliance with your request is a courtesy while we try to resolve this issue in good faith.   It does not mean that we agree that the disclosure was inadvertent.  We reserve all rights to assert that the privilege has been waived.

We look forward to hearing from you.

- Johanna

**Johanna Schmitt** / KIRKLAND & ELLISLLP
601 Lexington Avenue / New York, New York 10022
Tel: 212.446.4841  |  Fax: 212.446.6460  |  johanna.schmitt@kirkland.com

**Sonali Maitra**
<**SMaitra@durietangri.com**>

10/20/2010 11:20 AM

To  Johanna Schmitt <johanna.schmitt@kirkland.com>
cc  Joseph Gratz <JGratz@durietangri.com>, "Brendan T. Kehoe" <brendan.kehoe@kirkland.com>
Subject  RE: Tetris v. Xio

Johanna,

Please halt review of Xio's production and destroy the below-mentioned documents immediately.  We believe there has been a technical error that resulted in the production of privileged documents.  We do not waive privilege, and we are clawing back the below-mentioned documents immediately.  We are investigating the matter further and will get back to you today.  In the meantime, and again, please halt review of Xio's production.

Sonali
Durie Tangri LLP

**From:** Johanna Schmitt [mailto:johanna.schmitt@kirkland.com]
**Sent:** Wednesday, October 20, 2010 7:56 AM
**To:** Sonali Maitra
**Cc:** Joseph Gratz; Brendan T. Kehoe
**Subject:** Tetris v. Xio

Sonali,

As you know, we have had serious issues with Xio's document production, which has delayed plaintiffs from conducting a meaningful review of Xio's documents.  That said, we have been able to review certain portions of it.

In the course of our preliminary review, we have found many documents that may contain (either in whole or in part) privileged information.   The Bates-numbers of these documents are listed below.  We assume that these documents may be the tip of the iceberg and that we will find many more such documents in the course of our review.

You have informed us that Xio did not conduct a page-by-page review of the documents for privileged materials, but instead conducted "various" (unspecified) electronic searches for privileged documents.  Given the number and scope of potentially privileged materials that were produced to us, Xio clearly "failed to exercise reasonable care" in preventing disclosure of this information as required by paragraph 13 of the protective order.  *See also* *Bensel v. Air Line Pilots Assn*, 248 F.R.D. 177, 180-81 (D.N.J. 2008) (holding that the privilege was waived because the producing party did not take reasonable precautions to prevent the disclosure of documents that, among other things, had the law firm's name on them).  Further, it is not our duty to conduct Xio's privilege review for it (just like it is not our job to review Xio's documents to determine what are responsive documents versus junk email).

As such,  we will consider any privilege covering information in these documents--as well as in any other documents that Xio has produced--as waived by Xio.

- Johanna

**Johanna Schmitt** / KIRKLAND & ELLIS LLP
601 Lexington Avenue / New York, New York 10022
Tel: 212.446.4841  |  Fax: 212.446.6460  |  johanna.schmitt@kirkland.com

XIO-DG-0016404
XIO-DG-0200371
XIO-DG-0200375
XIO-DG-0200378
XIO-DG-0200402

XIO-DG-0200413
XIO-DG-0200414
XIO-MB-0200134
XIO-MB-0200135
XIO-MC-0065442
XIO-MC-0080597
XIO-MC-0094882
XIO-MC-0200516
XIO-MC-0200519
XIO-MC-0200534
XIO-MC-0200548
XIO-MC-0200549
XIO-MH-0200159
XIO-MH-0200160
XIO-HD-MH-010000000005
XIO-HD-DG-0013159
XIO-HD-DG-0016174
XIO-HD-DG-0016182
XIO-HD-DG-0016199
XIO-HD-DG-0016631
XIO-HD-DG-010000000007
XIO-HD-DG-010000000010
XIO-HD-DG-010000000013
XIO-HD-DG-010000000015
XIO-HD-DG-010000000016
XIO-HD-DG-010000000018
XIO-HD-DG-010000000019
XIO-HD-DG-010000000020
XIO-HD-DG-010000000022
XIO-HD-DG-010000000023
XIO-HD-DG-010000000024
XIO-HD-DG-010000000025
XIO-HD-DG-010000000026
XIO-HD-DG-010000000028
XIO-HD-XIO-0000033
XIO-HD-XIO-0001423
XIO-HD-XIO-0001580

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,

```
including all attachments.
**********************************************************
```

_____ Information from ESET NOD32 Antivirus, version of virus signature database 5546 (20101019) _____

The message was checked by ESET NOD32 Antivirus.

http://www.eset.com

_____ Information from ESET NOD32 Antivirus, version of virus signature database 5546 (20101019) _____

The message was checked by ESET NOD32 Antivirus.

http://www.eset.com

```
**********************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
**********************************************************


**********************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
**********************************************************
```

_____ Information from ESET NOD32 Antivirus, version of virus signature database 5552

(20101021) _____

The message was checked by ESET NOD32 Antivirus.

http://www.eset.com


_____ Information from ESET NOD32 Antivirus, version of virus signature database 6081 (20110429) _____

The message was checked by ESET NOD32 Antivirus.

http://www.eset.com