aocormier@sbcglobal.net

Dear Mr. Cormier, esq.,

Hi, my name is Desiree Golen. I am writing because I am in the process of developing a Tetromino game to release on the iPhone platform very shortly.

Since August, however, the Tetris Company LLC has intimidated five independent iPhone Tetromino game developers into terminating their applications (Kafablo, Shaker, TetoTeto, Tris, and Touchris) by sending out cease and desist letters.

The C&D's accuse each developer of "violat(ing) the copyright in the Tetris(R) game because it is a copy of (their) client's game and was created and is being reproduced and sold on (the Appstore) without (their) client's prior permission or authorization." (see attached for full copy)

Unfortunately, the developers of Kafablo, Shaker, TetoTeto, Tris and Touchris were all legally and financially unprepared to contradict the Tetris Company's claims of infringement. So, Apple, in an attempt to avoid any legal entanglement, "encouraged" each developer to agree to remove their applications from the Appstore.

When Todd Billsorrow, the developer of Kafablo, wrote to the Tetris Company to declare non-infringement and inquire further about their licensing, (see attached), the Tetris Company referred him to a correspondence between a US Customs Agent and yourself http://www.faqs.org/rulings/rulings2002HQ471487.html and proceeded to use this letter as justification to claim that,

"As in the Philips case, the games under consideration herein presents with numerous similarities. The copyrightable features of the TETRIS game, as covered by the copyright registration, includes the downward, lateral, and rotating movements of the differently oriented four-brick playing pieces, and the shape and appearance of the four-brick playing pieces, both in the "dots" that appear within the individual bricks themselves, as well as in the configuration of the four-brick combinations comprising the playing pieces. Additional copyrighted features include: the scoring features, the feature displaying the next four-brick playing piece that will fall down the playing field matrix, the disappearance of any completed horizontal row, the subsequent consolidation of the playing pieces remaining on the playing field as a result of the downward shift into the space vacated by the disappearing row, the resulting score, the background music, the specific sounds generated as the four-brick playing pieces are rotated, and the sounds generated as a row is completed and points are earned. Further, the makeup of the playing field itself, i.e., the vertical matrix, higher than it is wide, with a base of ten individual "bricks" per horizontal row, and generally twenty individual "bricks" per vertical line, is also copyrightable expression."

**I am curious what the context of this letter is, and if there are any further public archives that document your case entirely. You represented the opposition to the Tetris Company; was this dispute settled in Court?**

I am also writing to ask your professional opinion about TTC's claims of copyright infringement proposed in the cease and desist letters.
My understanding is that a game concept is not copyrightable material:

"Copyright protection does not extend to any idea, system, method, device, or trademark material involved in the development, merchandising, or playing of a game. Once a game has been made public, nothing in the copyright law prevents others from developing another game based on similar principles." (US Copyright Office)

Furthermore, Reback's victory in Borland vs. Lotus has been cited to show the distinction in copyright law between the interface of a software product and its immplementation, where the implementation is subject to copyright. However, the set of available operations and the mechanics of how they are activated are not copyrightable. If this extends to the "operation and mechanics" of a tetromino game, this standard should allow software developers to create original "clones" of copyrighted software products without infringing the copyright. (http://en.wikipedia.org/wiki/Lotus_v._Borland)

Finally, I found reference to the case of the Tetris and Arcade (but have had trouble locating a complete public record of the entire case) demonstrates that the game concept of Tetris is limited by the subject matter portrayed by the game. Therefore, copyright infringement happens ONLY if the second game copies the first game *identically,* or if the code is copied: *"the scope of a graphic copyright for a tile-on-grid design is necessarily limited by the common nature of (the) subject matter portrayed. Because of this limitation, copying in this category of products would have to be virtually identical to create even a suspicion of piratical copying."*
(http://www.faqs.org/rulings/rulings2002HQ471487.html)

Finally, the audiovisual effects of my tetromino game (as well as those of Kafablo, Shaker, TetoTeto, Tris, and Touchris ) are clearly distinct from those of Tetris. See:
http://arstechnica.com/journals/thumbs.ars/2008/08/26/free-tetris-clone-pulled-from-itunes-app-store
Furthermore, these games were developed completely independently with original codebase, art, and music, and contain no copyrighted material.


I have come to believe that the Tetris Company has been using its Copyright claims unjustly in order to profit from a monopoly on an unpatented game by bullying independent developers who do not know any better. I am completely appalled by this and I would like to finally see an end to the Tetris Company's unquestioned "authority" an open market for Tetromino Games!!

I am hoping that with your professional background and history with the Tetris company, you might be able to offer some more information, guidance, or encouragement to me. I realize you must be very busy, but I thought I would try emailing you.

Thank you for your time. I look forward to your response,

Desiree Golen