Dear Mr. Reback,

Hi, my name is Desiree Golen. I am emailing because I just read your case against the Lotus Development Corporation in 1996 and immediately became inspired to contact you. I have spent the last few days attempting to prepare myself for a legal battle with the Tetris Company, LLC by gathering as much information, advice, and support as possible.

**Background**
I am in the process of developing a Tetromino game to release on the iPhone platform very shortly.

Since August, however, the Tetris Company LLC has intimidated five independent iPhone Tetromino game developers into terminating their applications (Kafablo, Shaker, TetoTeto, Tris, and Touchris) by sending out cease and desist letters.

The C&D's accuse each developer of "violat(ing) the copyright in the Tetris(R) game because it is a copy of (their) client's game and was created and is being reproduced and sold on (the Appstore) without (their) client's prior permission or authorization." (see attached for full copy)

Unfortunately, the developers of Kafablo, Shaker, TetoTeto, Tris and Touchris were all legally and financially unprepared to contradict the Tetris Company's claims of infringement. So, Apple, in an attempt to avoid any legal entanglement, "encouraged" each developer to agree to remove their applications from the Appstore.

When Todd Billsorrow, the developer of Kafablo, wrote to the Tetris Company to declare non-infringement and inquire further about their licensing, (see attached), the Tetris Company referred him to a correspondence between a US Customs Agent and Anthony O. Cormier, Esq: http://www.faqs.org/rulings/rulings2002HQ471487.html and proceeded to use this letter as justification to claim that,

"As in the Philips case, the games under consideration herein presents with numerous similarities. The copyrightable features of the TETRIS game, as covered by the copyright registration, includes the downward, lateral, and rotating movements of the differently oriented four-brick playing pieces, and the shape and appearance of the four-brick playing pieces, both in the "dots" that appear within the individual bricks themselves, as well as in the configuration of the four-brick combinations comprising the playing pieces. Additional copyrighted features include: the scoring features, the feature displaying the next four-brick playing piece that will fall down the playing field matrix, the disappearance of any completed horizontal row, the subsequent consolidation of the playing pieces remaining on the playing field as a result of the downward shift into the space vacated by the disappearing row, the resulting score, the background music, the specific sounds generated as the four-brick playing pieces are rotated, and the sounds generated as a row is completed and points are earned. Further, the makeup of the playing field itself, i.e., the vertical matrix, higher than it is wide, with a base of ten individual "bricks" per horizontal row, and generally twenty individual "bricks" per vertical line, is also copyrightable expression."

**Copyright Infringement?**

I don't know how familiar you are with the "Tetris Story". Tetrominos are geometrical shapes consisting of four square subunits. Alexey Pajitnov and a team of developers created the game "Tetris" for the desktop in June 1985, while working for the Dorodnicyn Computing Centre of the Academy of Science

of the USSR in Moscow. The game consisted of arranging tetrominos on a grid and gaining points by completing a full line. What's important to note is that neither Pajitnov, nor the Dorodnycyn Computing Centre, nor the Government filed for a patent on the game concept of Tetris.

As Tetris's popularity spread to the rest of the world, third party game companies began to claim copyright licenses and to issue sub licenses on rights they did not even own on the game. Moreover, they nefariously employed their copyright more as a patent, even though they had nothing to do with the original creation of the game concept. Eventually in 1988, the Soviet Government began to market the rights to *Tetris* through an organization called Elektronorgtechnica.

Then in 1996 when Russian restrictions expired, Henk Rogers formed The Tetris Company and copyrighted the audiovisual effects of "Kids Tetris" and "Family Tetris". The TTC has since used this license to terrorize independent developers (who use their own code, graphics, and music to develop and extend on the original Tetris game concept) on the internet, only to shut them down and steal their (ideas for) unique added features.

HOWEVER, as you are aware, the US Copyright office clearly states that a game concept is not copyrightable material:

"Copyright protection does not extend to any idea, system, method, device, or trademark material involved in the development, merchandising, or playing of a game. Once a game has been made public, nothing in the copyright law prevents others from developing another game based on similar principles."

Furthermore, your victory in Borland vs. Lotus has been cited to show the distinction in copyright law between the interface of a software product and its immplementation, where the implementation is subject to copyright.  However, the set of available operations and the mechanics of how they are activated are not copyrightable. If this extends to the "operation and mechanics" of a tetromino game, this standard should allow software developers to create original "clones" of copyrighted software products without infringing the copyright. (http://en.wikipedia.org/wiki/Lotus_v._Borland)

The case of the Tetris and Arcade demonstrates that the game concept of Tetris is limited by the subject matter portrayed by the game. Therefore, copyright infringement happens ONLY if the second game copies the first game *identically,* or if the code is copied: ***"the scope of a graphic copyright for a tile-on-grid design is necessarily limited by the common nature of (the) subject matter portrayed. Because of this limitation, copying in this category of products would have to be virtually identical to create even a suspicion of piratical copying."*** (http://en.wikipedia.org/wiki/Lotus_v._Borland)

Finally, the audiovisual effects of my tetromino game (as well as those of Kafablo, Shaker, TetoTeto, Tris, and Touchris ) are clearly distinct from those of Tetris. See: http://arstechnica.com/journals/thumbs.ars/2008/08/26/free-tetris-clone-pulled-from-itunes-app-store Furthermore, these games were developed completely independently with original codebase, art, and music, and contain no copyrighted material.

## My Position
I have come to believe that the Tetris Company has been using its Copyright claims unjustly in order to profit from a monopoly on an unpatented game by bullying independent developers who do not know any better.

I am completely appalled by this and I would like to finally see

1) an end to the Tetris Company's unquestioned "authority"
2) an open market for Tetromino Games!!

**My Question for you**
As an intellectual property attorney who is *very* familiar with this subject matter, would you say I have a case against the Tetris Company LLC? The reason for my inquiry is that I have met and spoken to people from both ends of the spectrum: some say that I clearly would win any case against the TTC, while others are less encouraging and very doubtful (see http://web.archive.org/web/20021016153537/http://www.computerlaw.com/lookfeel.html#INTRODUCTION).

I simply would like to assess the cost and benefits of confronting The Tetris Company. With your experience, I believe you're in an ideal place to offer judgment if you chose to read this email and reply to my humble plea for your opinion.

I apologize for the length of this email. Again, I know you are very busy.

I get taken away by the idea and excitement of finally settling the Tetromino game dispute.

Thank you for all of your time,

I look forward to your response,

Thank you again

-Desiree Golen