Dale M. Cendali
Johanna Schmitt
Brendan T. Kehoe
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
johanna.schmitt@kirkland.com
brendan.kehoe@kirkland.com

Robert J. Schoenberg
RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
Telephone: (973) 538-0800
rschoenberg@riker.com

Attorneys for Plaintiffs and Counterclaim Defendants
Tetris Holding, LLC and The Tetris Company, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TETRIS HOLDING, LLC and THE TETRIS COMPANY, LLC,<br><br>　　　　　Plaintiffs and Counterclaim Defendants,<br><br>- against -<br><br>XIO INTERACTIVE INC.,<br><br>　　　　　Defendant and Counterclaim Plaintiff. | Case No. 3:09-cv-6115 (FLW) (DEA)<br><br>Hon. Freda L. Wolfson, U.S.D.J.<br>Hon. Douglas E. Arpert, U.S.M.J.<br><br>**PLAINTIFFS AND COUNTERCLAIM DEFENDANTS' WRITTEN OBJECTIONS AND RESPONSES TO XIO INTERACTIVE INC.'S THIRD SET OF INTERROGATORIES** |

　　　　Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of the United States District Court for the District of New Jersey, Plaintiffs and Counterclaim Defendants Tetris Holding, LLC and The Tetris Company, LLC (collectively, "The Tetris Company") hereby submit their written objections and responses to Defendant and Counterclaim Plaintiff

Xio Interactive Inc.'s ("Xio") Third Set of Interrogatories which was incorrectly labeled as Xio's "Second Set of Interrogatories" when it was served (the "Interrogatories"; and each individual interrogatory, an "Interrogatory").

## GENERAL OBJECTIONS

The Tetris Company makes the following general reservations of rights and asserts the following General Objections to the Interrogatories:

1. The Tetris Company objects to the Interrogatories to the extent that they purport to impose obligations beyond those set forth in the Local Rules of the United States District Court for the District of New Jersey and the Federal Rules of Civil Procedure.

2. The Tetris Company objects to the Interrogatories to the extent that they seek information that was prepared or obtained for or in anticipation of litigation, constitutes attorney work product, is subject to the attorney-client privilege, or is otherwise privileged under federal or state law. The Tetris Company does not waive, intends to preserve, and is preserving the attorney-client privilege, the work-product privilege, the joint-defense privilege, the business-strategy immunity, and every other applicable privilege or protection with respect to any information protected by such a privilege or protection.

3. The Tetris Company objects to the Interrogatories to the extent that they seek proprietary or confidential business information, trade secrets, or other sensitive information, or documents that contain information that is non-responsive to the Interrogatories. To the extent that the response to any Interrogatory requires the disclosure of any non-privileged proprietary or confidential information, trade secrets, or other sensitive information, The Tetris Company will provide such information subject to the Stipulated Protective Order entered by the Court in this case on May 5, 2010.

4. The Tetris Company objects to the Interrogatories to the extent that they seek information that is in Xio's possession, custody, or control or that is readily available to Xio, whether from public sources or other, less burdensome means of discovery.

5. Pursuant to Federal Rule of Civil Procedure 33(a)(1), The Tetris Company objects to the Interrogatories to the extent that they, including all discrete subparts, exceed twenty-five (25) interrogatories.

6. The Tetris Company objects to the Interrogatories to the extent that they prematurely require The Tetris Company to provide information that is the subject of expert disclosures under Rule 26(a)(2) of the Federal Rules of Civil Procedure.

7. The Tetris Company objects to the Interrogatories to the extent that they prematurely ask or require The Tetris Company to analyze or formulate contentions on matters as to which The Tetris Company's investigation and discovery have not yet been completed. The objections and responses herein are based on the investigation conducted to date and are without prejudice to any later supplementation, amendment, or modification.

8. The Tetris Company objects to the Interrogatories to the extent that they unfairly seek to restrict the facts on which The Tetris Company may rely at trial. Discovery has not been completed and The Tetris Company is not yet necessarily in possession of all the facts and documents upon which The Tetris Company intends to rely. The objections and responses submitted herewith are tendered to Xio with the reservation that they are submitted without limiting the evidence upon which The Tetris Company may rely to support the contentions that The Tetris Company may assert at the trial of this action and/or to rebut or impeach the contentions, assertions, and evidence that Xio may present. The Tetris Company reserves the right to supplement or amend the responses at a future date.

9. The Tetris Company objects to the Interrogatories to the extent that they improperly call for legal conclusions.

10. The Tetris Company objects to the Interrogatories to the extent that they are vague and ambiguous because they fail to state with reasonable particularity the information being sought.

11. The Tetris Company objects to the Interrogatories to the extent that they seek identification of, and information set forth in, documents that are outside The Tetris Company's possession, custody, or control.

12. The Tetris Company objects to the Interrogatories to the extent that they are not limited to a time-period that is relevant to this action.

13. The Tetris Company objects to the Interrogatories to the extent that they are not limited to a geographic area or territory that is relevant to this action.

14. The Tetris Company's responses to these Interrogatories shall not be interpreted as conceding the truth of any factual assertion or implication contained in the Interrogatories.

15. In providing responses to the Interrogatories, The Tetris Company does not in any way intend to waive or waive, but rather intends to preserve and is preserving:

    (i) All objections as to competency, authenticity, relevancy, materiality, and admissibility;

    (ii) All rights to object on any grounds to the use in any subsequent proceedings of any of the responses or information contained herein, including without limitation the right to object at the trial of this or any other action;

    (iii) All objections as to vagueness and ambiguity; and

(iv) All rights to object on any grounds to any further interrogatories.

16. The Tetris Company objects to the incorrect numbering of the Interrogatories in Xio's Third Set of Interrogatories (numbered as "11," "12," and "13") as Xio has already served an Interrogatory No. 11. Accordingly, in responding to Xio's Third Set of Interrogatories, The Tetris Company has renumbered them as "12," "13," and "14."

17. The Tetris Company incorporates the above statements and General Objections into each and every one of its responses to the Interrogatories as set forth below.

## INTERROGATORIES

**INTERROGATORY NO. 12:**

Please describe the idea behind TETRIS.

**RESPONSE TO INTERROGATORY NO. 12:**

The Tetris Company incorporates by reference the above-stated General Objections as if fully set forth herein. The Tetris Company specifically objects to this Interrogatory as vague and ambiguous as to the term "idea." The Tetris Company further objects to the definition of "TETRIS," which is overbroad and not relevant to the claims and defenses in this litigation to the extent that it is not limited to the versions of *Tetris* that are at issue in this litigation. The Tetris Company further objects to the extent that this Interrogatory calls for a legal conclusion.

Subject to and without waiving the foregoing objections, The Tetris Company responds as follows: The idea of *Tetris* is that of a game using simple squares or blocks on the screen to be assembled into specific shapes and manipulated by the player.

**INTERROGATORY NO. 13:**

Please list the functional aspects of TETRIS.

**RESPONSE TO INTERROGATORY NO. 13:**

The Tetris Company incorporates by reference the above-stated General Objections as if fully set forth herein. The Tetris Company also objects to this Interrogatory as vague and ambiguous as to the phrase "functional aspects." The Tetris Company further objects to the definition of "TETRIS," which is overbroad and not relevant to the claims and defenses in this litigation to the extent that it is not limited to the versions of *Tetris* that are at issue in this litigation. The Tetris Company also objects to this Interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks a complete list of all functional aspects of all games and versions of *Tetris*. The Tetris Company further objects to the extent that this Interrogatory calls for a legal conclusion.

Subject to and without waiving the foregoing objections, The Tetris Company responds as follows: The *Tetris* game itself is fanciful and does not contain any functional aspects, however, the hardware that is used to play the game, which is not part of the claims in this litigation, may have some functional aspects, including the player controls and input systems, the devices that are used to play the game, and the disk or the media that contains the game.

**INTERROGATORY NO. 14:**

Please list the RULES of TETRIS.

**RESPONSE TO INTERROGATORY NO. 14:**

The Tetris Company incorporates by reference the above-stated General Objections as if fully set forth herein. The Tetris Company specifically objects to this Interrog[atory as vague and] ambiguous as to the term "RULES." The Tetris Company further objects that [the] definition of "RULES" is based on a definition in the *Oxford English Dictiona*[ry with no] legal significance, meaning, or import. The Tetris Company further objects to [the] definition of "RULES" as overbroad and not relevant to the claims and defenses in this litigation.

[handwritten: MSJ 32]

The Tetris Company further objects to the definition of "TETRIS," which is overbroad and not relevant to the claims and defenses in this litigation to the extent that it is not limited to the versions of *Tetris* that are at issue in this litigation. The Tetris Company further objects to the extent that this Interrogatory calls for a legal conclusion.

Subject to and without waiving the foregoing objections, The Tetris Company responds as follows: In general, the rules of Plaintiffs' *Tetris* games are that an object appears on the playing field and the player manipulates the object to a final resting spot to create a shape which is then removed from the playing field.

Dated: February 18, 2011

/s/ Brendan Kehoe
Dale M. Cendali
Johanna Schmitt
Brendan T. Kehoe

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 100
Telephone: (212) 446-4800
dale.cendali@kirkland.com
johanna.schmitt@kirkland.
brendan.kehoe@kirkland.c

Robert J. Schoenberg
RIKER DANZIG SCHER
PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
Telephone: (973) 538-0800
rschoenberg@riker.com

*Attorneys for Tetris Holding, LLC and The Tetris Company, LLC*

[handwritten note on sticky: MSJ 32]

## VERIFICATION FOR TETRIS HOLDING, LLC'S AND THE TETRIS COMPANY, LLC'S RESPONSES TO THE THIRD SET OF INTERROGATORIES OF XIO INTERACTIVE INC.

I, David Kwock, declare as follows:

1. I am the general counsel of Tetris Holding, LLC and The Tetris Company, LLC, both Plaintiffs and Counterclaim Defendants in the above-entitled action. I am duly authorized to make this verification for and on their behalf. I have made this verification solely in my capacity as an authorized agent thereof.

2. I have read the foregoing Plaintiffs and Counterclaim Defendants' Written Objections and Responses to Xio Interactive Inc.'s Third Set of Interrogatories and know the contents thereof, and assert that to the best of my knowledge and information, the foregoing responses to the Interrogatories are true.

I declare under penalty of perjury under the laws of the State of Hawaii that the foregoing is true and correct.

EXECUTED in Honolulu, Hawaii on this 10th day of February, 2011.

_____

## CERTIFICATE OF SERVICE

I, Sanjay Pathiyal, hereby certify that on this date I caused a copy of the foregoing **PLAINTIFFS AND COUNTERCLAIM DEFENDANTS' WRITTEN OBJECTIONS AND RESPONSES TO XIO INTERACTIVE INC.'S THIRD SET OF INTERROGATORIES** to be served via electronic mail upon the following counsel for Defendant Xio Interactive Inc.:

Mark A. Lemley, Esq.
Sonali Maitra, Esq.
Joe Gratz, Esq.
Durie Tangri LLP
217 Leidesdorff Street
San Francisco, California 94111

Dated: February 18, 2011                    _/s/ Sanjay Pathiyal_
                                             Sanjay Pathiyal