Dale M. Cendali
Johanna Schmitt
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
johanna.sch mitt@kirkland.com

Robert J. Schoenberg
RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
Telephone: (973) 538-0800
rschoenberg@riker.com

Attorneys for Plaintiffs
Tetris Holding, LLC and The Tetris Company, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TETRIS HOLDING, LLC and THE TETRIS COMPANY, LLC,<br><br>Plaintiffs,<br><br>- against -<br><br>XIO INTERACTIVE INC.,<br><br>Defendant. | Case No. 3:09-cv-6115 (FLW) (DEA)<br><br>Hon. Freda L. Wolfson, U.S.D.J.<br>Hon. Douglas E. Arpert, U.S.M.J.<br><br>**DECLARATION OF JOHANNA SCHMITT IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE ORDER OF DISMISSAL**<br><br>*Document Filed Electronically* |

I, Johanna Schmitt, Esq., hereby declare as follows:

1. I am a partner of the law firm of Kirkland & Ellis LLP, counsel to plaintiffs Tetris Holding, LLC and The Tetris Company, LLC (collectively "TTC") in this action. I am an attorney admitted to practice in the state of New York and have been admitted *pro hac vice* to practice before this Court in this matter. This declaration is based on my personal knowledge

4278148v1

and my knowledge based on review of the filed court documents in this case and communications between counsel for the parties.

2. On May 30, 2012, the Court entered an Order (Dkt. No. 62) granting TTC's motion for summary judgment on Count One (Copyright Infringement) and Count Two (Unfair Competition, False Endorsement and False Designation of Origin) of the First Amended Complaint, and denying the motion for summary judgment of defendant Xio Interactive, Inc. ("Xio").

3. Thereafter, TTC and Xio entered into negotiations regarding a Consent Order and Permanent Injunction to specify the agreed upon terms of any injunctive relief to be imposed on Xio by the Court and to resolve the remaining claims and defenses asserted in this action. In July 2012, the parties estimated that they might require an additional 60 days in which to submit the proposed Consent Order and Permanent Injunction to the Court, assuming the parties could agree as to its terms.

4. Based on the foregoing representations and good faith estimates, on July 31, 2012, the Court entered an Order dismissing the entire action, without prejudice to the parties' rights to file a motion, prior to the expiration of the 60 day period, to reopen the action if they were unable to agree upon the terms of a proposed Consent Order and Permanent Injunction. (*See* Dkt. No. 63 attached hereto as Exhibit A).

5. During the past two months, counsel for TTC has attempted in good faith to negotiate the terms of a proposed Consent Order and Permanent Injunction with counsel for Xio, but those efforts proved unsuccessful. The main dispute is the scope of the permanent injunction

to be entered against Xio as a result of the Court's finding that Xio has infringed TTC's copyright and trade dress rights in its *Tetris* electronic game.

6.  For the foregoing reasons, Plaintiff TTC respectfully requests that the Court grant its motion to vacate the prior 60-Day Order of Dismissal and restore this action to the active calendar. At that point, TTC plans to move forward to resolve the remaining causes of action, which were not addressed in the parties' prior cross-motions for summary judgment, and move forward with obtaining appropriate relief, including a permanent injunction and damages.

7.  I declare under penalty of perjury that the foregoing statements made by me are true and correct.

Executed this 27th day of September 2012 at New York, New York.

_Johanna Schmitt_
Johanna Schmitt, Esq.